IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1996 SESSION



**FILED**

**May 7, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01-C-01-9603-CR-00081 |
| | ) | |
| Appellant, | ) | DAVIDSON COUNTY |
| | ) | |
| V. | ) | HON. SETH W. NORMAN, JUDGE |
| | ) | |
| JUDONE A. LEE | ) | (Possession of Cocaine and |
| | ) | Forfeiture) |
| | ) | |
| & | ) | |
| | ) | |
| WILLIAM C. WATERS, | ) | |
| | ) | |
| Appellees. | ) | |

FOR THE APPELLEES                        FOR THE APPELLANT

Glenn R. Funk                               John Knox Walkup
222 Second Avenue, North, Ste. 340-M    Attorney General and Reporter
Nashville, Tennessee 37201             450 James Robertson Parkway
                                      Nashville, Tennessee 37243-0493
       for Judone A. Lee

                                      William David Bridgers
Virginia Lee Story                      Assistant Attorney General
P.O. Box 1608                            450 James Robertson Parkway
Franklin, Tennessee 37065-1608        Nashville, Tennessee 37243-0493

       for William C. Waters            Victor S. Johnson, III
                                      District Attorney General
                                      Washington Square, Ste 500
                                      222 Second Avenue, South
                                      Nashville, Tennessee 37201

                                      John Zimmerman
                                      Assistant District Attorney General
                                      Washington Square, Ste 500
                                      222 Second Avenue, South
                                      Nashville, Tennessee 37201

OPINION FILED:_____

REVERSED

William M. Barker, Judge

Opinion

The State of Tennessee appeals as of right the Davidson County Criminal Court's dismissal of the Appellees' indictments for possession of cocaine with intent to sell or deliver. The trial court found that the Appellees' protection against former jeopardy had been violated in that the Appellees had already been punished for their crimes by the State's seizure of two vehicles used in the drug sale. The State argues on appeal that the civil forfeiture of the Appellees' vehicles does not amount to punishment pursuant to the double jeopardy clauses of the United States and the Tennessee Constitutions. We agree and reverse the trial court.

On May 23, 1994, undercover officers bought $ 9,000.00 worth of cocaine from the Appellees and one other person. It is undisputed that the Appellees used one 1978 Cadillac belonging to Appellee Waters and one 1984 Ford Probe belonging to Appellee Lee to facilitate the drug sale. The following day the State filed a notice of seizure for the two vehicles with the Tennessee Department of Safety, pursuant to Tennessee Code Annotated, section 53-11-201. Tenn. Code Ann. § 53-11-201 (Supp. 1996).

On May 16, 1995, the Appellees were indicted for possession of cocaine with intent to sell or deliver. In June and July the Appellees filed motions to dismiss the indictments on double jeopardy grounds alleging that criminal prosecution would amount to double jeopardy since they had already been punished by the civil forfeiture.[1] After a hearing, the Davidson County Criminal Court granted both motions and dismissed the indictments. The State now appeals.

The State argues that civil forfeiture followed by criminal prosecution in connection with the same criminal activity does not place the Appellees in double

---

[1]The Department of Safety later returned Appellee Lee's car in return for a $100 donation to the Metropolitan Nashville Police Department Drug Enforcement Fund. Appellee Lee now contends that the fact that he was forced to make the donation amounts to punishment in violation of the protection against double jeopardy. Appellee Lee's donation has no effect on the outcome of this opinion.

jeopardy. The State is correct.

The double jeopardy provisions of the Constitutions of the United States and Tennessee were designed to make sure that no person would be prosecuted twice or receive multiple punishment for the same offense. See United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993); State v. Harris, 919 S.W.2d 323, 327 (Tenn. 1996). Since the trial court's dismissal of the indictments at issue, the United States Supreme Court has held that a civil forfeiture in connection with a criminal indictment does not amount to double jeopardy under the United States Constitution. United States V. Ursery, __ U.S.__, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). This Court has applied the results of the Ursery decision to the double jeopardy provision of the Tennessee Constitution and held that a civil forfeiture pursuant to Tennessee Code Annotated, section 53-11-201, does not prohibit the State from bringing criminal charges against drug offenders whose property has been forfeited to the State. See State of Tennessee v. James C. Bradely and Mickey Eller, C.C.A. No. 03C01-9510-CC-00318 (Tenn. Crim. App., Knoxville, Sept 4, 1996); State of Tennessee v. Charles David Wagner, C.C.A. No. 03C01-9511-CC-00346 (Tenn. Crim. App., Knoxville, Sept. 18, 1996); State of Tennessee v. Grapel Simpson and Linda Sue Simpson Horton, C.C.A. No. 02C01-9508-CC-00240 (Tenn. Crim. App., Jackson, Sept. 30, 1996). Pursuant to these decisions we conclude that criminal prosecutions for possession of cocaine in addition to the civil forfeiture of the Appellees' vehicles do not place the Appellees at risk of double jeopardy. Accordingly, the trial court's dismissal of the indictments is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE

4